# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DATA SCAPE LIMITED, <br><br> Plaintiff, <br><br> v. <br><br> DELL TECHNOLOGIES INC., DELL INC., and EMC CORPORATION, <br><br> Defendants. | C.A. No. 6:19-cv-00129-ADA |

## DEFENDANTS' OPPOSED MOTION FOR INTRA-DISTRICT TRANSFER OF VENUE TO THE AUSTIN DIVISION OF THE WESTERN DISTRICT OF TEXAS

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Cadle Co. v. Keyser*, No. 14-CV-758, 2015 WL 764256 (W.D. Tex. Feb. 23, 2015) ..................................................................................................................................2

*Eastep v. City of Odessa*, No. 17-CV-00059, 2017 WL 2537358 (W.D. Tex. June 12, 2017) ..............................................................................................................................2

*Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*, No. 18-CV-00660-RP (W.D. Tex. Jan. 29, 2019) ..............................................................................................................................1

*In re Google Inc.*, No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017)...............................9

*In re Hoffmann-La Roche Inc.*, 587 F.3d 1333 (Fed. Cir. 2009) ....................................................10

*In re Nintendo Co.,* 589 F.3d 1194 (Fed. Cir. 2009)........................................................................6

*In re Radmax, Ltd,* 720 F.3d 285, 288 (5th Cir. 2013) ...............................................1, 4, 5, 7, 8, 10

*In re TS Tech USA Corp.*, 551 F.3d 1315 (Fed. Cir. 2008) ............................................................10

*In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008)......................................................4, 5

*In re Zimmer Holdings, Inc.*, 609 F.3d 1378 (Fed. Cir. 2010).........................................................9

*Ithaca Ventures k.s. v. Nintendo of Am. Inc.*, No. 13- CV-00824, 2014 WL 4829027 (D. Del. Sept. 25, 2014) ..............................................................................................7

*McCloud v. McClinton Energy Grp., L.L.C.*, No. 14-CV-00620, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014) ........................................................................................1, 6

*Mimedx Group, Inc. v. Texas Human Biologics, Ltd.,* No. 14-CV-00464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) .....................................................................1, 5, 7, 8, 9

*Perry v. Autocraft Investments, Inc.*, 13-CV-01959, 2013 WL 3338580 (S.D. Tex. July 2, 2013 ..............................................................................................................................7

**DOCKETED CASES**

*Certain Data Transmission Devices, Components Thereof, Associated Software, and Products Containing the Same*, No 337-TA-1150 (U.S.I.T.C) ..........................................3

*Data Scape Ltd. v. Amazon.com, Inc.*, No. 19-CV-00056 (D. Col.) ...............................................3

*Data Scape Ltd. v. Apple Inc.*, No. 18-CV-10659 (C.D. Cal.) ...................................................3

*Data Scape Ltd. v. Barracuda Networks, Inc.*, No. 19-CV-00179 (E.D. Cal.) ..............................3

*Data Scape Ltd. v. Box, Inc.*, No. 19-CV-00025 (W.D. Tex.) ..................................................3, 9

*Data Scape Ltd. v. Citrix Sys., Inc.*, No. 18-CV-10658 (C.D. Cal.) ............................................3

*Data Scape Ltd. v. Dell Tech. Inc.*, No. 18-CV-00658 (E.D. Tex.) .............................................2

*Data Scape Ltd. v. Dropbox, Inc.*, No. 19-CV-00023 (W.D. Tex.) ..........................................3, 9

*Data Scape Ltd. v. F5 Networks, Inc.*, No. 19-CV-00064 (D. Col.) ............................................3

*Data Scape Ltd. v. Fujitsu Am., Inc.*, No. 19-CV-00046 (E.D. Tex.) ..........................................3

*Data Scape Ltd. v. Pandora Media, Inc.*, No. 18-CV-10656 (C.D. Cal.) ....................................3

*Data Scape Ltd. v. SAP Am., Inc.*, No. 18-CV-00660 (E.D. Tex.) ..............................................3

*Data Scape Ltd. v. Spotify USA Inc.*, No. 18-CV-10653 (C.D. Cal.) ..........................................3

*Data Scape Ltd. v. Teradata Operations, Inc.*, No. 19-CV-01002 (C.D. Cal.) ............................3

*Data Scape Ltd. v. Verizon Commc'ns Inc.*, No. 19-CV-00174 (W.D. Tex.) ............................3, 9

*Data Scape Ltd. v. W. Digital Corp.*, No. 18-CV-02285 (C.D. Cal.) ...........................................3

**STATUTES**

28 U.S.C. §1404(a) .......................................................................................................................3

Defendants Dell Technologies Inc., Dell Inc., and EMC Corporation (collectively, "Dell") seek an intra-district transfer to the Austin Division under 28 U.S.C. §1404(a). This case has no relevant connections to the Waco Division.

## I.     INTRODUCTION

Plaintiff Data Scape Limited ("Data Scape") has filed this case in the wrong division. Data Scape is an Irish company, with no physical presence anywhere in the United States, let alone in the Waco Division. (ECF 1, Compl. ¶ 1.) Dell is headquartered in Round Rock, Texas—a city squarely within the Austin Division—and Dell has *no* facilities or operations in the Waco Division. Indeed, every single one of the facts Data Scape cites in its Complaint in support of venue in the Western District refers to places of business in the Austin Division. (*Id.* ¶¶ 2-4.)

As the Fifth Circuit confirmed in *In re Radmax, Ltd.*, "[t]he § 1404(a) factors apply as much to transfers *between* divisions of the same district as to transfers from one district to another." 720 F.3d 285, 288 (5th Cir. 2013).[1] The Fifth Circuit issued a writ of mandamus and reversed a denial of intra-district transfer because "the case ha[d] no connection to the transferor forum and virtually all of the events and witnesses regarding the case . . . [were] in the transferee forum." *Id.* at 290. This District has repeatedly recognized and applied the same principle, including in patent cases. For example, in *Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*, the court transferred a patent case from the Austin Division to the San Antonio Division, finding that the patent owner's choice of venue was not entitled to deference where another division would be more convenient. No. 14-CV-464, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014); *see also Frac Shack Inc. v. Alaska Fuel Distribs. Inc.*, No. 18-CV-00660, ECF 28 (W.D. Tex. Jan. 29, 2019) (transferring patent case from Austin Division to Midland Division); *McCloud v. McClinton Energy Grp.,*

---

[1] All emphasis added unless otherwise noted.

*L.L.C.*, No. 14-CV-00620, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014) (transferring from San Antonio Division to Midland Division); *Eastep v. City of Odessa*, No. 17-CV-00059, 2017 WL 2537358 (W.D. Tex. June 12, 2017) (transferring from Austin Division to Midland-Odessa Division); *Cadle Co. v. Keyser*, No. 14-CV-00758, 2015 WL 764256 (W.D. Tex. Feb. 23, 2015) (transferring from Austin Division to San Antonio Division).

Here, the Austin Division—Dell's headquarters and principal place of business—is clearly a more convenient forum for this case than the Waco Division, to which neither Dell nor Data Scape has any connection. Dell's motion to transfer venue to the Austin Division accordingly should be granted.

## II.   BACKGROUND

In its Complaint, Data Scape has alleged infringement of four patents (the "Patents-in-Suit"), apparently acquired for purposes of this litigation. Data Scape initially sued the Dell Defendants in the Eastern District of Texas. *See Data Scape Ltd. v. Dell Tech. Inc.*, No. 18-CV-00658 (E.D. Tex.) (dismissed Feb. 14, 2019). It subsequently dismissed that case, without any warning to Dell, and re-filed the current action. Data Scape recognizes in its Complaint that each of the three Dell Defendants has places of business in Round Rock, Texas (within the Austin Division of the Western District of Texas). (Compl. ¶¶ 2-4). Data Scape nevertheless chose to file this case in the Waco Division, without identifying any connection (for itself or for Dell) to the Waco Division.

Data Scape has no relevant connections to the Waco Division. Data Scape is a non-practicing, patent assertion entity headquartered in Ireland. (Compl. ¶ 1.) Furthermore, Data Scape acquired the Patents-in-Suit from Sony Corporation, a Japanese company, in 2017.

The Dell Defendants also have no relevant connections to the Waco Division. As Data Scape acknowledges in its Complaint, Dell Technologies Inc. and Dell Inc. are Delaware

2

corporations with their principal places of business in Round Rock, Texas. (Compl. ¶¶ 2-3.) EMC Corporation is a Massachusetts corporation with places of business in Round Rock, Texas and Hopkinton, Massachusetts. (ECF 35, Answer ¶ 4.)   Data Scape has not cited a single fact in its Complaint supporting venue in the Waco Division. Nor could it. As Julia England, Dell's Vice President, Infrastructure Solutions Group—Human Resources Business Partner and Talent confirms, Dell has *no* facilities or operations in the Waco Division. *See* Declaration of Julia England in Support of Dell's Motion (hereinafter "England Decl."). Instead, Dell's relevant documents and witnesses are in the Austin Division, as well as California, Massachusetts, North Carolina, India, China, and Israel. (England Decl., ¶¶ 5-7.)

In short, there are no facts supporting litigating this case in the Waco Division—not for Data Scape itself, not for the Patents-in-Suit, and not for any of the Dell Defendants.[2]

## III.   ARGUMENT AND AUTHORITIES

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). As the Fifth Circuit confirmed in its grant of mandamus in *Radmax*, this

---

[2] Data Scape's case against Dell is part of a larger litigation campaign against at least fourteen other accused infringers, taking place in district courts across Texas and elsewhere in the United States, as well as at the U.S. International Trade Commission (ITC). *See Data Scape Ltd. v. W. Digital Corp.*, No. 18-CV-02285 (C.D. Cal.); *Data Scape Ltd. v. Apple Inc.*, No. 18-CV-10659 (C.D. Cal.); *Data Scape Ltd. v. Citrix Sys., Inc.*, No. 18-CV-10658 (C.D. Cal.); *Data Scape Ltd. v. Pandora Media, Inc.*, No. 18-CV-10656 (C.D. Cal.); *Data Scape Ltd. v. Spotify USA Inc.*, No. 18-CV-10653 (C.D. Cal.); *Data Scape Ltd. v. Teradata Operations, Inc.*, No. 19-CV-01002 (C.D. Cal.); *Data Scape Ltd. v. Barracuda Networks, Inc.*, No. 19-CV-00179 (E.D. Cal.); *Data Scape Ltd. v. F5 Networks, Inc.*, No. 19-CV-00064 (D. Col.); *Data Scape Ltd. v. Amazon.com, Inc.*, No. 19-CV-00056 (D. Col.); *Data Scape Ltd. v. SAP Am., Inc.*, No. 18-CV-00660 (E.D. Tex.); *Data Scape Ltd. v. Fujitsu Am., Inc.*, No. 19-CV-00046 (E.D. Tex.); *Data Scape Ltd. v. Box, Inc.*, No. 19-CV-00025 (W.D. Tex.); *Data Scape Ltd. v. Dropbox, Inc.*, No. 19-CV-00023 (W.D. Tex.); *Data Scape Ltd. v. Verizon Commc'ns Inc.*, No. 19-CV-00174 (W.D. Tex.); *Certain Data Transmission Devices, Components Thereof, Associated Software, and Products Containing the Same*, No 337-TA-1150 (U.S.I.T.C).

statute applies not only when a defendant seeks transfer to another judicial district, but also—as the text makes clear—when a defendant seeks transfer to another *division* within the same district. *See* 720 F.3d at 288 ("The § 1404(a) factors apply as much to transfers between divisions of the same district as to transfers from one district to another.").

In determining whether transfer is appropriate, the Court must first consider "whether a civil action 'might have been brought' in the destination venue." *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 312 (5th Cir. 2008) (quoting § 1404(a)).  If the answer to this threshold question is yes, the Court must then weigh a number of factors to determine the relative convenience of each venue:  "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; (4) all other practical problems that make trial of a case easy, expeditious and inexpensive; (5) the administrative difficulties flowing from court congestion; (6) the local interest in having localized interests decided at home; (7) the familiarity of the forum with the law that will govern the case; and (8) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Radmax, 720 F.3d at* 288 (quotation marks omitted) (citing *Volkswagen*, 545 F.3d at 315). Where the analysis of the relevant factors shows the transferee forum to be "clearly more convenient" than the plaintiff's original choice, the court must order transfer. *Id.*

In *Radmax*, the Fifth Circuit found, in granting mandamus and ordering an intra-district transfer, that these factors supported the transfer because "[t]he facts and circumstances of [the] case [were] wholly grounded in the transferee forum . . . , and [the] case has no connection to the [transferor forum]." *720 F.3d at* 290.  A writ of mandamus was therefore "compelled." *Id*. Similarly, in *Mimedx*, this District granted intra-district transfer where the accused infringer was

4

headquartered in the transferee forum, four factors favored transfer, and no factors favored the plaintiff's original choice. *See* 2014 WL 12479284, at *2-3.

In this case, as in *Radmax* and *Mimedx,* the relevant factors require transfer.

### A.     Data Scape Could Have Initially Filed This Case in the Austin Division

Given that every single one of the facts Data Scape cites in its Complaint in support of venue in this District refers to places of business in the Austin Division, there can be no dispute that this case "might have been brought" in the Austin Division, as opposed to the Waco Division. *See Mimedx*, 2014 WL 12479284, at *1 (citing *Volkswagen*, 545 F.3d at 315).

### B.     The Austin Division Is Clearly More Convenient Than the Waco Division

Analyzing the Fifth Circuit's enumerated factors (adopted for intra-district transfers in *Radmax*) demonstrates that litigating this case in the Austin Division would be clearly more convenient than litigating in the Waco Division: four factors favor transfer; four factors are neutral; and **no** factors support litigating in the Waco Division. Under these facts—as in *Radmax* and *Mimedx*—transfer is warranted. *See Radmax*, 720 F.3d at 290 (confirming that it was an "extraordinary error" to decline transfer where three factors supported transfer, five were neutral, and "not a single relevant factor favors the plaintiffs' chosen venue" (brackets omitted) (quoting *Volkswagen*, 545 F.3d at 318)); *Mimedx*, 2014 WL 12479284, at *3 (ordering transfer where four factors favored transfer, four were neutral, and none favored plaintiff's choice of venue).

| Factor | More Convenient Venue |
|---|---|
| Relative ease of access to sources of proof | Austin Division |
| Availability of compulsory process to secure the attendance of witnesses | Neutral |
| Cost of attendance for willing witnesses | Austin Division |
| All other practical problems that make trial of a case easy, expeditious and inexpensive | Austin Division |

5

| | |
|---|---|
| Administrative difficulties flowing from court congestion | Neutral |
| Local interest in having localized interests decided at home | Austin Division |
| Familiarity of the forum with the law that will govern the case | Neutral |
| Avoidance of unnecessary problems of conflict of laws or in the application of foreign law | Neutral |

1. **Factors Favoring Transfer**

Neither Dell nor Data Scape has any connection to the Waco Division. To the extent there are relevant documents and witnesses in this District, they are all in the Austin Division. Accordingly, the relative ease of access to sources of proof, the cost of attendance for willing witnesses, other practical issues, and Austin's local interest in deciding this case all strongly favor transfer.

a) **Relative Ease of Access to Sources of Proof**

The first factor considers the location of relevant evidence. As the Federal Circuit has noted, "in patent infringement cases, the bulk of the relevant evidence usually comes from the accused infringer. Consequently, the place where the defendant's documents are kept weighs in favor of transfer to that location." *In re Nintendo Co.,* 589 F.3d 1194, 1199 (Fed. Cir. 2009) (applying Fifth Circuit law).

In this case, Dell has ***no*** relevant documents in the Waco Division. Instead, Dell's relevant evidence and witnesses are primarily located in Round Rock and Austin, Texas; Santa Clara, California; Hopkinton, Massachusetts; and Israel. (England Decl., ¶¶ 5-7.) The fact that some of Dell's documents are outside Texas is immaterial to the analysis. The critical point is that ***none of the relevant evidence is in the Waco Division***. *See McCloud*, 2014 WL 6388417, at *3 ("Although Plaintiffs state that not 'all' the evidence is in Midland, certainly the bulk of it is there, and

6

Plaintiffs point to *no* evidence in San Antonio or within the San Antonio Division."); *see also Ithaca Ventures k.s. v. Nintendo of Am. Inc.*, No. 13- CV-00824-, 2014 WL 4829027, at *5 (D. Del. Sept. 25, 2014) ("The court will not disregard convenience where it can be found, simply because the circumstances are not ideal.").

This factor accordingly strongly supports transfer to the Austin Division. And this is true regardless of the distance between Waco and Round Rock. As the Fifth Circuit confirmed in *Radmax*, "[a]ny such inconvenience may well be slight, but . . . the question is ***relative*** ease of access, not ***absolute*** ease of access." *Radmax*, 720 F.3d at 288; *see also Mimedx*, 2014 WL 12479284, at *2; *Perry v. Autocraft Invs., Inc.*, 13-CV-01959, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013) ("[A]lthough the inconvenience of obtaining sources of proof in the Galveston Division may be slight, Houston's relatively easier access to evidence favors transfer.").

### b) Cost of Attendance for Willing Witnesses

The third factor "appropriately considers the cost of attendance of ***all*** willing witnesses," including both non-party and party witnesses. *See Mimedx*, 2014 WL 12479284, at *2.

Dell's relevant witnesses, like its relevant evidence, are located in Round Rock and Austin, Texas; Santa Clara, California; Hopkinton, Massachusetts; and Israel. For those witnesses already residing in Round Rock or Austin, being forced to travel to Waco instead of Austin would impose substantial unnecessary burdens—including added travel times, inconvenience, and costs. Even for Dell's witnesses residing elsewhere (for example, the relevant engineers in California and Israel), traveling to Austin would be considerably less disruptive than Waco because of the convenience Dell's Round Rock headquarters provides (employees can continue to work remotely there, and can even have temporary lodging if necessary). In contrast, there appear to be no expected witnesses (for Data Scape or third parties) for whom it would be more convenient to be in Waco.

Accordingly, this factor also strongly favors transfer. *See Mimedx*, 2014 WL 12479284, at *2. As the Fifth Circuit confirmed in *Radmax*, even when the relative travel distances are less than 100 miles, the Court must still consider the costs imposed on the witnesses and factor such costs into the venue-transfer analysis. *See* 720 F.3d at 288-89. In *Radmax*, for example, the relevant distance was 62 miles, but the court granted mandamus and ordered the transfer. *Id.* at 288-89 & n.5. Similarly, in *Mimedx*, the court found that the 80-mile travel distance between San Antonio and Austin weighed in favor of transfer. 2014 WL 12479284, at *2.

### c) All other practical problems that make trial of a case easy, expeditious and inexpensive

The fourth factor considers practical problems, speed, and expense. This case is still in its earliest stages. Dell only recently filed its Answer and Counterclaims, and the Court has not yet entered a scheduling order. As such, transferring the case to the Austin Division would not result in any meaningful delay that would counsel against doing so. *See Radmax*, 720 F.3d at 289 ("[G]arden-variety delay associated with transfer is not to be taken into consideration when ruling on a § 1404(a) motion to transfer."); *Mimedx*, 2014 WL 12479284, at *2. Furthermore, the added convenience of litigating in Austin is likely to lead to a quicker and easier resolution of the parties' dispute. *See Mimedx*, 2014 WL 12479284, at *2 ("[I]t is reasonable to conclude that the added convenience of a trial proceeding in San Antonio may lead the parties to a quicker resolution.").

8

Moreover, Data Scape's other cases in the Waco Division do not justify denying transfer, even if the Court were to retain those cases.³ Data Scape chose to proceed simultaneously against fourteen different defendants in five different District Courts (with different assigned judges) and the ITC—Data Scape's own litigation campaign has essentially guaranteed duplicative judicial efforts. Furthermore, the Federal Circuit (applying Fifth Circuit law) has expressly held that it is legal error to allow judicial economy considerations to "negate[] the significance of having trial close to where most of the identified witnesses reside and where the other convenience factors clearly favor." *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010); *see also In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) (nonprecedential) ("[I]t is improper for a district court to weigh the judicial economy factor in a plaintiff's favor solely based on the existence of multiple co-pending suits . . . . To hold otherwise, we would be effectively inoculating a plaintiff against convenience transfer under § 1404(a) simply because it filed related suits against multiple defendants in the transferor district.").

Accordingly, this factor also strongly weighs in favor of transfer.

### d) Local interest in having localized interests decided at home

Finally, the Austin Division has a considerable interest in deciding this case, which affects one of its largest corporate residents. In contrast, Waco has none. For more than thirty years, Dell has chosen to locate its principal place of business in the Austin Division. The outcome of this case will certainly affect local Austin interests more so than local Waco interests. *See Mimedx*,

---

³ Data Scape also has filed cases against Dropbox, Box, and Verizon in this District: Case Nos. 19-cv-00023; 19-cv-00025; 19-cv-00174. The Verizon case has been stayed pending resolution of parallel proceedings in the ITC. *See Data Scape Ltd. v. Verizon Commc'ns Inc.*, No. 19-cv-00174, ECF 15 (W.D. Tex. Apr. 10 2019). Dell understands that Dropbox and Box are moving to transfer venue as well. To the extent any of these cases remain in the Western District of Texas, Dell has no objection to the Court retaining control of this case so as to efficiently address common issues. But the proceedings and trial for this case should take place in the Austin Division.

2014 WL 12479284, at *3 (confirming in patent case that "Defendants and their employees are local to the San Antonio area. The ultimate outcome of this suit likely affects local San Antonio interests more acutely than local Austin interests."); *see also In re Hoffmann-La Roche Inc.*, 587 F.3d 1333, 1338 (Fed. Cir. 2009) ("[I]f there are significant connections between a particular venue and the events that gave rise to a suit, [the local interest] factor should be weighed in that venue's favor."). Thus, this factor weighs strongly in favor of transfer. *See Radmax*, 720 F.3d at 289 (rejecting argument that "plaintiffs' choice of venue" weakened the local interest factor favoring transfer); *In re TS Tech USA Corp.*, 551 F.3d 1315, 1320 (Fed. Cir. 2008) ("[T]he district court gave too much weight to [plaintiff's] choice of venue . . . . Fifth Circuit precedent clearly forbids treating the plaintiff's choice of venue as a distinct factor in the § 1404(a) analysis.").

### 2. Neutral Factors

The remaining factors are neutral—they do not weigh for or against transfer. The compulsory subpoena power for unwilling third-party witnesses is the same for both the Austin and Waco Divisions. Both Divisions are familiar with and equally capable of applying federal patent laws. Regardless of the Division, neither would present a conflict of law or require the application of foreign law. And to Dell's knowledge, there are no administrative difficulties flowing from court congestion—indeed, as noted above, Dell would have no objection to the Court retaining control of this case following transfer to the Austin Division. Doing so would ensure that the Divisions' relative congestion would have no effect on this case.

### IV. CONCLUSION

The Waco Division has no ties to this lawsuit, and thus this case should be transferred to the Austin Division, where Dell is headquartered and maintains its principal places of business. Dell respectfully asks that the Court grant this Motion.

Dated:  May 1, 2019

                                    Respectfully submitted,

                                    */s/ Deron R. Dacus*
                                    Deron R. Dacus
                                    Texas Bar No. 790553
                                    THE DACUS FIRM, P.C.
                                    821 ESE Loop 323, Suite 430
                                    Tyler, TX 75701
                                    Telephone: (903) 705-1117
                                    Fax: (903) 581-2543
                                    ddacus@dacusfirm.com

                                    Cynthia D. Vreeland
                                    Texas Bar No. 20625150
                                    Shirley X. Li Cantin
                                    Massachusetts Bar No. 675377
                                    WILMER CUTLER PICKERING
                                       HALE AND DORR LLP
                                    60 State Street
                                    Boston, MA 02109
                                    Telephone: (617) 526-6000
                                    Fax: (617) 526-5000
                                    Cynthia.Vreeland@wilmerhale.com
                                    Shirley.Cantin@wilmerhale.com

                                    E. Ross Cohen
                                    D.C. Bar No. 1542122
                                    WILMER CUTLER PICKERING
                                       HALE AND DORR LLP
                                    1875 Pennsylvania Avenue NW
                                    Washington, DC 20006
                                    Telephone: (202) 663-6000
                                    Fax: (202) 663-6363
                                    Ross.Cohen@wilmerhale.com

                                    *Attorneys for Dell Technologies Inc., Dell Inc., and EMC Corporation*

## CERTIFICATE OF CONFERENCE

In accordance with Local Rule CV-7(i), counsel for the parties have conferred and Plaintiff is opposed to this Motion.

*/s/ Deron R. Dacus*
Deron R. Dacus

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on May 1, 2019.

*/s/ Deron R. Dacus*
Deron R. Dacus
