**UNITED STATES DISTRICT COURT**
**IN THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| DATA SCAPE LIMITED,<br><br>        Plaintiff,<br><br>    v.<br><br>DELL TECHNOLOGIES INC., DELL INC., and EMC CORPORATION,<br><br>        Defendants. | C.A. No. 6:19-cv-00129-ADA<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF DATA SCAPE LIMITED'S OPPOSITION TO DEFENDANTS'**
**MOTION FOR INTRA DISTRICT TRANSFER OF VENUE TO THE WESTERN**
**DISTRICT OF TEXAS, AUSTIN DIVISION**

**TABLE OF CONTENTS**

I. INTRODUCTION .................................................................................................1

II. LEGAL STANDARD............................................................................................2

III. ARGUMENT.........................................................................................................3

    A. The Private Interest Factors Weigh Against Transfer.......................3

        i. Dell fails to meet its burden of demonstrating the relative ease of access to source of proof favors transfer .........................3

        ii. Dell fails to show the cost of attendance for willing witnesses favors transfer ....................................................................5

        iii. The availability of compulsory process to secure attendance of witnesses weighs against transfer .........................................6

        iv. Practical Concerns Weigh Against Transfer.............................7

    B. The Public Interest Factors Weigh Against Transfer.......................9

        i. The local interest factor is neutral.............................................9

        ii. The remaining factors are neutral. .........................................10

IV. DATA SCAPE AGREES WITH DELL'S ALTERNATIVE RELIEF .....10

V. CONCLUSION...................................................................................................10

# TABLE OF AUTHORITIES

**Cases**

*Adrain v. Genetec Inc.*
  2009 U.S. Dist. LEXIS 86855 (E.D. Tex. Sept. 22, 2009) ................................... 8

*BNSF Ry. Co. v. OOCL (USA), Inc.*,
  667 F.Supp.2d 703 (N.D.Tex.2009) ....................................................... 5

*Carlile v. Continental Airlines, Inc.*,
  953 F. Supp. 169 (S.D. Tex. 1997) ....................................................... 1

*Eolas Techs., Inc. v. Adobe Sys., Inc.*
  2010 U.S. Dist. LEXIS 104125 (E.D. Tex. Sept. 28, 2010) ................................. 7

*In re EMC Corp.*,
  501 F. App'x 973 (Fed. Cir. 2013) ....................................................... 8

*In re Genentech, Inc.*,
  566 F.3d 1338 (Fed. Cir. 2009) .......................................................... 5

*In re Google Inc.*,
  412 Fed. Appx. 295 (Fed. Cir. 2011) ..................................................... 7

*In re Google Inc.*,
  No. 2017-107, 2017 WL 977038 (Fed. Cir. Feb. 23, 2017) .................................. 9

*In re Radmax, Ltd.*,
  720 F.3d 285 (5th Cir. 2013) ............................................................ 4

*In re Volkswagen of Am., Inc.*,
  545 F.3d 304 (5th Cir. 2008) .................................................... 1, 2, 4, 7

*In re Zimmer Holdings, Inc.*,
  609 F.3d 1378 (Fed. Cir. 2010) .......................................................... 9

*McCloud v. McClinton Energy Grp., LLC*,
  No. 14-CV-00464, 2014 WL 6388417 (W.D. Tex. Nov. 14, 2014) ............................. 4

*Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*,
  No. 1:14-CV-464-LY, 2014 WL 12479284 (W.D. Tex. Aug. 12, 2014) ................... 4, 5, 6

*Mondis Tech. Ltd. v. Top Victory Elecs. (Taiwan) Co.*,
  2009 U.S. Dist. LEXIS 103394 (E.D. Tex. Oct. 23, 2009) .................................. 8

*Perry v. Autocraft Investments, Inc.*,
  No. 4:13-Cv-01959, 2013 WL 3338580 (S.D. Tex. July 2, 2013) ............................ 4

*Smith v. Colonial Penn Ins. Co.*,
  943 F. Supp. 782 (S.D. Tex. 1996) ....................................................... 1

*Ternium Int'l USA Corp. v. Consol. Sys.*,
  No. 3:08–cv–816, 2009 WL 464953 (N.D.Tex. Feb.24, 2009) ................................ 5

I.  **INTRODUCTION**

As the party seeking transfer, Dell[1] carries a heavy burden of demonstrating that the factors articulated by the Fifth Circuit in *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 314 (5th Cir. 2008) ("*Volkswagen II*") weigh in favor of transfer such that Austin is be "clearly more convenient" than Waco, the division chosen by Data Scape Limited ("Data Scape"). In other words, Dell must show that the short trip from Waco to Austin[2] is so clearly inconvenient, that Data Scape's decision to file suit in this division must be disturbed. Dell does not and cannot meet this burden, as the relevant factors either weight against transfer or are neutral at best.

Although Data Scape is not a Texas company, its choice to file in this division is nonetheless entitled to substantial deference because Data Scape selected this forum for legitimate reasons. The Supreme Court's decision in *TC Heartland LLC v. Kraft Brand Foods, LLC*, 137 S.Ct. 1514 (2017), limited the places where Data Scape could bring suit. Accordingly, Data Scape wanted to file suit in a place where venue was proper, but at the same time wanted to avoid being "home towned" by the jury pool. As Dell admits, it seeks transfer to a Division in which it is "one of its largest corporate residents" and where it "has chosen to locate its principal place of business" for "more than thirty years." Dkt. No. 36 at 9.

Furthermore, Dell's motivations in seeking transfer are undermined by the fact that only three years ago in a patent case involving the same accused technology, Data Domain,

---

[1] As used herein "Dell" refers collectively to defendants Dell Technologies, Inc., Dell Inc., and EMC Corporation.
[2] As with "the journey by land from Galveston to Houston," the road from Waco to Austin "is generally free of rustlers, hooligans, or vicious varmints of the unsavory kind.'" *Carlile v. Continental Airlines, Inc.*, 953 F. Supp. 169, 171 (S.D. Tex. 1997) quoting *Smith v. Colonial Penn Ins. Co.*, 943 F. Supp. 782, 784 (S.D. Tex. 1996).

1

and pending in the Eastern District of Texas, *Realtime Data LLC v. Dell, Inc.* ("*Realtime*"), Dell sought transfer not to the Western Division of Texas, but to the Northern District of California. Ex. A.[3] In denying this motion, the *Realtime* Court noted that Dell was "cherry-picking" the individuals and facts that supported its motion (all of which were represented to be in the Northern District of California). Ex. B at 15, 20; Ex. A at 1. Accordingly, Dell's apparent motivation is seeking transfer is not because Austin is "clearly more convenient" but because it desires to have the suit occur in that division.

In any event, the factors do not weigh in favor of transfer. Dell fails to identify any evidence uniquely available in Austin, as opposed to in multiple locations across the globe, for which the difference in convenience in transferring to Waco would be negligible. Likewise, with regard to Dell's witnesses residing outside of Austin, Dell ignores the fact that trial in Waco for these witnesses may actually be less expensive. Also, transfer from Waco to Austin would actually remove Dallas-based Dell witnesses from this Court's compulsory process power and thus weighs against transfer. Further, as this case is one of four presently assigned to this Division, the factor of "practical concerns" weighs squarely against transfer. The remaining factors are, at best, neutral.

Accordingly Dell fails to meet its burden of showing Austin is "clearly more convenient" than Waco and its motion should be denied.

## II. LEGAL STANDARD

To prevail on a motion to transfer under §1404(a), there is "a ***significant burden*** on the movant to show good cause for the transfer." *Volkswagen II*, 545 F.3d at 314 n.10. The movant "must satisfy the statutory requirements and ***clearly demonstrate*** that a

---

[3] All Exhibits are attached to the concurrently filed declaration of Paul A. Kroeger.

2

transfer is '[f]or the convenience of parties and witnesses, in the interest of justice.'" *Volkswagen II*, 545 F.3d at 315. When the "transferee venue is not clearly more convenient than the venue chosen by the plaintiff, the ***plaintiff's choice should be respected***." *Id.* at 314.

To satisfy this significant burden, the movant must show that Austin is a "***clearly more convenient***" forum than Waco. *Id.* The determination of whether the movant meet its significant burden involves consideration of various private and public interest factors. *Id.* The private interest factors include: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive. *See id.* at 315. The public interest factors include: (1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws. *Id.* The factors are not exhaustive or exclusive, and no one factor "can be said to be of dispositive weight." *Id.*

### III. ARGUMENT

#### A. The Private Interest Factors Weigh Against Transfer

##### i. <u>Dell fails to meet its burden of demonstrating the relative ease of access to source of proof favors transfer</u>

As noted by the cases Dell cites in its motion, the factor of relative ease of access to proof only favors transfer when the "bulk" or "majority" of the evidence is located in the transferee district. *McCloud v. McClinton Energy Grp., LLC,* No. 14-CV-00464, 2014

3

WL 6388417, at *3 (W.D. Tex. Nov. 14, 2014) ("Although Plaintiffs state that not 'all' evidence is Midland, certainly the bulk of it is there . . .); *Perry v. Autocraft Investments, Inc.*, No. 4:13-Cv-01959, 2013 WL 3338580, at *2 (S.D. Tex. July 2, 2013) (transfer from Galveston to Houston justified "where evidence relating to the accident and its investigation, including medical records that relate to Perry's alleged injuries, is located in Houston. The accident took place in Houston, and Perry was given medical treatment in Houston."); *In re Radmax, Ltd.*, 720 F.3d 285, 288 (5th Cir. 2013) ("because **'[a]ll of the documents and physical evidence'** are located in the Tyler Division, this factor 'weigh[s] in favor of transfer'") quoting *In re Volkswagen II*, 545 F.3d at 311 (emphasis added); *Mimedx Group, Inc. v. Texas Human Biologics, Ltd.*, No. 1:14-CV-464-LY, 2014 WL 12479284, at *2 (W.D. Tex. Aug. 12, 2014) ("***the majority of the relevant evidence and witnesses***" located in the requested place of transfer).

Dell fails to meet its burden of showing that the majority of the relevant evidence is located in Austin. Indeed, its lone evidentiary support concerning the location of evidence is the following conclusory sentence: "Dell's business records confirm that Dell's engineering, sales, and financial documents relating to its Data Domain and RecoverPoint products are primarily located in Round Rock and Austin, Texas; California; Massachusetts; North Carolina; India; China; and Israel." Dkt. 36-1, ¶ 7. Not only does this sentence fail to establish that a majority or bulk of the evidence is available in Austin, it fails to establish that there is a single document uniquely available there.[4] To the extent that the majority of the documents are located outside of Austin, and scattered around the

---

[4] The fact that Dell cannot point to any specific relevant documents in Austin is hardly surprising as it represented to the Eastern District of Texas in 2016 that "all of [its] relevant witnesses and documents for the Northern District of California." Ex. A at 1.

4

globe in India, China, and Israel, Dell has failed to show *any* convenience, as opposed to *clear* convenience, the production of these documents at trial is rendered easier in Austin as opposed to Waco.

Accordingly, Dell fails to meet is burden of showing transfer to Austin is appropriate.

### ii. Dell fails to show the cost of attendance for willing witnesses favors transfer

This factor "appropriately considers the cost of attendance of *all* willing witnesses." *Mimedx*, 2014, WL 12479284, at *2. However, "long-standing Fifth Circuit principles give more weight to the convenience of non-party witnesses." *BNSF Ry. Co. v. OOCL (USA), Inc.*, 667 F.Supp.2d 703, 711 (N.D. Tex. 2009) (giving convenience of non-party witnesses more weight than party witnesses); *Ternium Int'l USA Corp. v. Consol. Sys.*, No. 3:08–cv–816, 2009 WL 464953, at *4 (N.D.Tex. Feb. 24, 2009) (same).

Here, Dell claims only that party witnesses would be inconvenienced if the case were tried in Waco, and does not identify a single non-party witness. Dkt. No. 36 at 7-8. Accordingly, this factor is accorded less weight as a matter of Fifth Circuit law. *BNSF Ry.*, 667 F. Supp. 2d at 711.

Although Dell identifies thirteen employees "with knowledge of Dell's marketing and sales of the accused products and their financial performance", Dkt. 36-1 at 2, it provides no information from which the Court can "assess the relevance and materiality of the information the witness may provide." *In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). Indeed, there is no statement that any of these witnesses are likely, let alone, necessary witnesses at trial.

5

Furthermore, although this factor requires the court to consider "the cost of attendance of *all* willing witnesses," *Mimedx*, 2014, WL 12479284, at *2, Dell's declaration and motion "cherry-picks" only the witnesses located in Austin. Dkt. No. 36 at 7; Dkt. 36-1. This is similar to Dell's tactic in *Realtime* where it represented, in stark contrast to its statements here, that "all of [Dell]'s known potential party and non-party witnesses are located in Northern California." Ex. A at 10. Not being "convinced that [Dell] ha[d] provided the Court with all of the relevant information necessary to make a meaningful determination," the Realtime Court reduced even further the weight to be afforded this factor. Ex. B at 20.

Although Dell concedes, in passing, that it has relevant witnesses in "Santa Clara, California; Hopkinton, Massachusetts; and Israel," it ignores the costs associated with bringing these witnesses to trial in Waco. Dkt. No. 36 at 7. Instead, Dell asserts with no evidence that "traveling to Austin would be considerably less disruptive." *Id.* However, it appears that trial in Waco would be less expensive for these witnesses than trial in Austin. As just one example, the Hilton Hotel in Waco costs only $175 a night, whereas the Hilton in Downtown Austin starts at $275 a night. Kroeger Decl., ¶ 3.

Accordingly, this factor at most weighs minimally in favor of, if not against, transfer.

### iii. The availability of compulsory process to secure attendance of witnesses weighs against transfer

Dell incorrectly contends that the availability of compulsory process to secure attendance of witnesses weighs in favor of transfer. Dkt. No. 36 at 10. In fact this factor weighs against transfer based on the potential witnesses Dell identifies in its motion.

6

Specifically, Dell identifies as a potential witness, Blake Dugan, Senior Account Executive, Data Protection, who currently resides in Dallas. Dkt. 36-1 at ¶5 n.1.[5] That Mr. Dugan is listed as a potential witness who works from Dell's Dallas office implies that there are other witnesses with knowledge in the Dallas office.

This Court, being situated in Waco, is within 100 miles of both Dallas (95 miles) and Round Rock (83 miles), and within 100 miles of portions of Austin.[6] Accordingly, this Court would likely have compulsory process over all witnesses identified by Dell for trial. In contrast, there is 195 miles between Austin and Dallas, thus the Austin Division would not have compulsory process for trial over the Dallas-based witnesses. As the Fifth Circuit has noted "a proper venue" is one "that does enjoy *absolute* subpoena power for both depositions and trial." *Volkswagen II*, 545 F.3d at 316. Accordingly, this factor weighs against transfer.

### iv.     **Practical Concerns Weigh Against Transfer**

"Practical problems include those that are rationally based on judicial economy." *Eolas Techs., Inc. v. Adobe Sys., Inc.*, No. 6:09-CV-446, 2010 WL 3835762, at *6 (E.D. Tex. Sept. 28, 2010). For example, the existence of other suits involving the same or similar issues may create practical difficulties that "will weigh heavily in favor or against transfer." *Id.* Indeed, the "existence of multiple lawsuits involving the same issues is a paramount consideration when determining whether a transfer is in the interest of justice." *Volkswagen III*, 566 F.3d at 1351; *see also In re Google Inc.*, 412 Fed. Appx. 295, 296 (Fed. Cir. 2011)

---

[5] Dell asserts that Mr. Dugan is "in the process of moving from Dallas to Austin." Dkt. 36-1 at ¶5 n.1.
[6] All distances taken from Google Maps.

7

("having one trial court decide all the[] claims clearly furthers" the "orderly, effective administration of justice").

As Dell concedes, its action is presently one of four actions assigned to this Court involving at least some of the same asserted patents. Dkt. 36 at 3, n.9. These other case are: *Data Scape Limited v. Dropbox, Inc.*, Case No. 6:19-cv-00023; *Data Scape Limited v. Box, Inc.*, Case No. 6:19-cv-0025; *Data Scape Limited v. Verizon Communications, Inc.*, C.A. No. 6:19-cv-174. Dell tries to discount this fact by noting that "Dropbox and Box are moving to transfer venue as well" and "[t]he Verizon case has been stayed pending resolution of parallel proceedings in the ITC." Dkt. 36 at 3, n.9.

However, these later developments are irrelevant to this motion as (1) none of the transfer motions have even been ruled on; and (2) judicial economy benefits are judged as of the "time the suit was filed" and not based on further developments. *In re EMC Corp.*, 501 F. App'x 973, 976 (Fed. Cir. 2013) ("[A] district court may properly consider any judicial economy benefits which would have been apparent at the time the suit was filed."). *Id*. Further, "the co-pendency of cases involving the same patent are permissible considerations in ruling on a motion to transfer venue." *Id.*

Presently, no cases are pending in Austin. Accordingly, far from promoting the interest of justice, transferring this case "will only consume unnecessary additional judicial resources" by requiring another court to address overlapping issues, and would create a risk of inconsistent rulings. *Mondis Tech. Ltd. v. Top Victory Elecs. (Taiwan) Co.*, 2009 U.S. Dist. LEXIS 103394, \*14 (E.D. Tex. Oct. 23, 2009); *see also Adrain v. Genetec Inc.*, 2009 U.S. Dist. LEXIS 86855, \*9-10 (E.D. Tex. Sept. 22, 2009) ("[T]he division of the case into multiple suits may be more convenient for [the defendant], but it would impose a

8

significant burden on the plaintiff, witnesses, and the federal court system. In addition to the burden on the courts, the existence of multiple lawsuits interpreting the same patent creates an unnecessary risk of inconsistent claim construction and adjudication.").

The cases cited by Dell in an attempt to undermine the significance of this factor (Dkt. No. 36 at 11-12) merely stand for the proposition that, where the other transfer factors ***clearly*** favor of transfer, the existence of co-pending litigation, ***by itself,*** should not preclude transfer. *See, e.g.*, *In re Zimmer Holdings, Inc.*, 609 F.3d 1378, 1382 (Fed. Cir. 2010) (the existence of a co-pending suit with a "limited relationship" to the case at bar did not warrant transfer "where the other convenience factors *clearly* favor [transfer]"); *In re Google Inc.*, No. 2017-107, 2017 WL 977038, at *2 (Fed. Cir. Feb. 23, 2017) ("[T]hat is not to say that judicial economy can never dominate the court's transfer analysis. As we have previously observed, it can play a significant role.").

Accordingly, this factor weighs against transfer.

### B. The Public Interest Factors Weigh Against Transfer

#### i. The local interest factor is neutral

Dell's statement that "the Austin Division has considerable interest in deciding this case," Dkt. 36 at 9, cannot be easily squared with its statement to the *Realtime* Court that "the Northern District of California has a strong local interest in the resolution of this litigation because the DD Series products were designed, developed, tested, and marketed in that district." Ex. B at 23. Again, Dell seems to be claiming there is a local interest in a lawsuit not based on its convenience, but wherever it believes suit is most favorable. Given Dell's contradictory judicial admissions, this factor should be deemed neutral.

9

### ii. The remaining factors are neutral.

Data Scape agrees with Dell that the remaining factors are neutral.[7]

## IV. DATA SCAPE AGREES WITH DELL'S ALTERNATIVE RELIEF

In its Motion, Dell notes that it has "no objection to the Court retaining control of this case following transfer to the Austin Division." Dkt. No. 36 at 10. *See also id.* at 9 n.3 ("Dell has no objection to the Court retaining control of this case so as to efficiently address common issues. But the proceedings and trial for this case should take place in the Austin Division."). While Data Scape believes that Dell has failed to show transfer is appropriate, Data Scape agrees to Dell's suggestion that this Court retain control of the proceedings and only trial occur in Austin, in the event the Court believes transfer is appropriate.

## V. CONCLUSION

On balance, the factors of the availability of compulsory process and practical considerations weigh squarely against transfer while only the factor of cost for willing witnesses weighs (at best marginally) in favor of transfer. Dell has either failed to prove the requisite facts supporting the remaining factors or they are neutral. Accordingly Dell has failed to meet its burden to show that the Austin Division is clearly more convenient than Waco. Dell's motion to transfer should be denied.

---

[7] Although Dell contends that "there are no administrative difficulties flowing from Court congestion," it earlier argues that "the added convenience of litigating in Austin is likely to lead to a quicker and easier resolution of the parties' dispute." Dkt. No. 36 at 8. In contending that the case would get to trial faster in Austin than in Waco, Dell relies on attorney argument only and cites no facts.

10

Dated: May 8, 2019                    Respectfully submitted,

/s/ *Paul A. Kroeger*
Marc A. Fenster (CA SBN 181067)
Reza Mirzaie (CA SBN 246953)
Brian D. Ledahl (CA SBN 186579)
Paul A. Kroeger (CA SBN 229074)
C. Jay Chung (CA SBN 252794)
Philip X. Wang (CA SBN 262239)
**RUSS AUGUST & KABAT**
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025
(310) 826-7474
mfenster@raklaw.com
rmirzaie@raklaw.com
bledahl@raklaw.com
pkroeger@raklaw.com
jchung@raklaw.com
pwang@raklaw.com

Jose E. de la Fuente
LLOYD GOSSELINK ROCHELLE &
TOWNSEND, PC
816 Congress Avenue, Suite 1900
Austin, TX 78701
Email: jdelafuente@lglawfirm.com
Telephone: (512) 322-5800
*Attorney for Plaintiff*

***Attorneys for Plaintiff Data Scape Limited***

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on May 8, 2019, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3)(A).

/s/ *Paul A. Kroeger*